IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:15cr179-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER OF FORFEITURE |
| ) | |
| (1) CARLOS ANTOINE BENSON ) | |
| (2) JACOB IVAN HILL ) | |

THIS MATTER is before the Court on the United States of America's Motion, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853(a)(2), and Fed. R. Crim. P. 32.2(b), for a Preliminary Order of Forfeiture for the Taurus and Intratec Luger firearms and accompanying ammunition identified herein that were used in the robbery, kidnapping, carjacking, drug, and firearms offenses for which the Jury returned Verdicts (Docs. 91 and 92) of guilt. For good cause, this Court will GRANT the Motion. In support of granting the Motion, the Court FINDS AS FOLLOWS by a preponderance of the evidence:

**BACKGROUND**

On July 23, 2015, a Grand Jury in the Western District of North Carolina returned an Indictment (Doc. 1) against Defendants charging them as follows, all such charges stemming from Defendants' November 12, 2014 kidnapping, robbery, and murder of a victim during a drug deal:

- Count One, charging Benson and Hill with Hobbs Act robbery in violation of 18 U.S.C. § 1951;
- Count Two, charging Benson and Hill with kidnapping conspiracy in violation of 18 U.S.C. § 1201(c);
- Count Three, charging Benson and Hill with kidnapping in violation of 18 U.S.C.

1

§ 1201(a)(1);

- Count Four, charging Benson and Hill with carjacking in violation of 18 U.S.C. § 2119(3);
- Count Five, charging Benson and Hill with conspiracy to possess with intent to distribute cocaine in violation of 18 U.S.C. § 846;
- Count Six, charging Benson and Hill with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1);
- Count Seven, charging Benson and Hill with use, carry, and possession of a firearm during and in relation to a crime of violence or drug trafficking crime, in violation of 18 U.S.C. § 924(c);
- Count Eight, charging Benson and Hill with causing death in the course of using, carrying, and possessing a firearm during and in relation to a crime of violence or drug trafficking crime, in violation of 18 U.S.C. § 924(j);
- Count Nine, charging Benson alone with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); and
- Count Ten, charging Hill alone with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

The Indictment also included a notice that a 9mm Taurus Model PT92 AFS and 9mm Intratec Luger Model TEC DC9 were subject to forfeiture. These firearms, and the ammunition accompanying them, were seized during the investigation of the charged offenses.

Defendants elected a jury trial. At trial, the Government introduced voluminous evidence, including Charlotte Mecklenburg Police Department – Crime Scene Unit testimony that both the Taurus and Intratec Luger firearms were found in the Cadillac Escalade driven by Hill. The firearms were located near Hill's person in the front driver's seat. Additionally, Benson testified that he personally fired the Taurus firearm at the decedent and that Hill picked up the Taurus firearm and placed it inside his vehicle. Finally, the United States introduced Benson's jail house call in which he discussed that Hill should have discarded both firearms, in furtherance of these crimes. The Jury returned Verdicts of guilt on all charged counts.

Neither Defendant elected to retain the Jury to determine the nexus of the seized firearms

to the crimes. Therefore, the Government now requests in its Motion that this Court determine matters of forfeiture of the firearms and ammunition seized during the investigation, such items specifically identified as one 9mm Taurus Model PT 92 AFS, bearing no serial number (obliterated); one 9mm Intratec Luger Model TEC DC9, Serial Number DO17804; and multiple rounds of ammunition.

## MEMORANDUM OF LAW

Fed. R. Crim. P. 32.2(b)(1) provides for preliminary forfeiture of property upon a court finding of a nexus, or connection, between the property and violations on which a defendant is convicted. Fed. R. Crim. P. 32.2(b)(1)(A). The finding may be based on evidence already in the record and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). The burden of proof on forfeiture is preponderance of the evidence. *See, e.g., United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003). Title 21 U.S.C. § 853(a)(2) explicitly provides for forfeiture of property "used or intended to be used, in any manner or part, to commit, or to facilitate the commission of" drug crimes such as those charged in Counts Five and Six. Title 18 U.S.C. § 924(d)(1) further provides for forfeiture of firearms and ammunition involved in all of the Counts charged in this case. Here, the preponderance burden is easily satisfied by the aforementioned trial evidence about the use of the firearms in the crimes, and forfeiture of the Taurus and Intratec Luger firearms and accompanying ammunition is clearly merited under Sections 853 and 924.

It is, therefore ORDERED:

1. Based upon Defendants' convictions and the trial evidence, the United States is authorized to maintain possession of the following properties belonging to Defendants, and the

property is hereby forfeited to the United States for disposition according to law, provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein:   one 9mm Taurus Model PT 92 AFS, bearing no serial number (obliterated); one 9mm Intratec Luger Model TEC DC9, Serial Number DO17804; and multiple rounds of ammunition, all such items seized during the investigation of the offenses in this case.

2. Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendants, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.   This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.   The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture. If no third parties file timely petitions, then this Order shall become final by operation of law as set forth in Fed. R. Crim. P. 32.2(c)(2).

SO ORDERED.

*[Signature]*
Frank D. Whitney
Chief United States District Judge