UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cr-00179-FDW-DCK-1

| | |
|---|---|
| CARLOS ANTOINE BENSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255. [Doc. 192].

**I.  BACKGROUND**

On July 23, 2015, Petitioner Carlos Antoine Benson ("Petitioner") was charged in a Bill of Indictment with one count of aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 (Count One); one count of kidnapping conspiracy in violation of 18 U.S.C. § 1201(c) (Count Two); one count of aiding and abetting kidnapping in violation of 18 U.S.C. §§ 1201(a)(1) and 2 (Count Three); one count of aiding and abetting carjacking in violation of 18 U.S.C. §§ 2119(3) and 2 (Count Four); one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (Count Five); one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2 (Count Six); one count of possession, brandishing, and discharging a firearm in furtherance of crime of violence and a drug trafficking crime, as set forth in Counts One through Six, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), and 2 (Count Seven); one count of causing death while possessing a firearm in furtherance of a crime of violence or drug trafficking crime, as set forth in

Counts One through Six, in violation of 18 U.S.C. §§ 924(j) and 2 (Count Eight); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Nine). [Doc. 1: Bill of Indictment].

Petitioner proceeded to trial and a jury found him guilty on all nine counts. [Doc. 91: Jury Verdict]. The jury specifically found regarding Count Seven that the firearm was possessed and used in furtherance of the drug trafficking crime, robbery, kidnapping, and carjacking. The jury also specifically found that the firearm was brandished and discharged. [Id. at 2]. Petitioner was sentenced to concurrent sentences of 240 months on Counts One, Five, and Six; concurrent life sentences on Counts Two, Three, Four, and Nine; a consecutive term of 120 months on Count Seven; and a consecutive life term on Count Eight. [Doc. 123 at 3]. Judgment on Petitioner's conviction was entered on March 30, 2017. [Id.].

Petitioner appealed. [Doc. 127]. On appeal, he challenged, in pertinent part, the sufficiency of the evidence to support the carjacking conviction, the Court's imposition of a sentence beyond the statutory maximum for the felon-in-possession charge, and his convictions under § 924(c) and § 924(j) as violative of the Double Jeopardy Clause. United States v. Benson, 756 Fed. App'x 258, 262 (4th Cir. 2018). On December 3, 2018, the Fourth Circuit affirmed, recognizing that the Court's § 922(g) sentence was plain error but finding it did not affect Petitioner's substantial rights because he was "properly sentenced to life in prison on other counts." Id. at 264. The Fourth Circuit also held that Petitioner's convictions under § 924(c) and § 924(j) did not violate his double jeopardy rights because he convicted of separate underlying crimes that could both support § 924 convictions. Id. at 265. Petitioner did not petition the Supreme Court for writ of certiorari.

2

On or about March 1, 2024,[1] Petitioner the pending motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 1]. As grounds for relief, Petitioner argues that (1) in finding Petitioner guilty under § 924(c), the jury relied on an invalid drug trafficking predicate and it was not asked to "find guilt on 846 Drug conspiracy and 841(a)(1) PWID in which he was actually charged;" (2) the jury did not find which predicate crime of violence Petitioner's conviction on Count Eight was based; (3) the Court violated Petitioner's double jeopardy rights by entering judgments on his convictions for § 924(c) and § 924(c) for the same conduct; (4) the Government failed to prove the elements of carjacking and kidnapping resulting in death; (5) the Court erred in sentencing Petitioner to a term of life imprisonment on his § 922(g) conviction, which has a statutory maximum sentence of 10 years. [Doc. 192 at 4-5, 7-9]. For relief, Petitioner asks the Court to "vacate" Counts Seven and Eight, for a new trial on Counts Three and Four, and to be resentenced on Counts Two and Nine. [Id. at 13].

Petitioner addresses timeliness in his petition. [Id. at 12]. He contends his motion is timely because his convictions on Count Seven and Eight are "constitutionally infirm" and his sentence on Count Nine is "illegal." Petitioner also argues that he was unable to timely file his motion due to lost "discovery material and court documents" and "constant lockdowns" at his correctional facility "while intervening change in law occurred." [Id.]. Petitioner asks for "permission to file a (COA) due to 2255(h)(1) and (h)(2)[2]" if the Court "bars this motion." [Id.].

---

[1] Petitioner swore under penalty of perjury that he placed his motion in the prison mailing system on March 1, 2024, but the envelope is not postmarked until March 14, 2024. [Doc. 192 at 13; Doc. 192-2].

[2] Section 2255(h) regards authorization by the Fourth Circuit to file a second or successive motion to vacate under § 2255. 28 U.S.C. § 2255(h). It does not apply to Petitioner.

3

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's conviction became final for purposes of § 2255(f) on March 4, 2019, when his deadline to petition the Supreme Court for writ of certiorari expired. U.S. Sup. Ct. Rule 13(1); see United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires). Petitioner, however, did not file the pending motion to vacate until (at the earliest) March 1, 2024, five years later. Thus, Petitioner's motion to vacate is untimely, see 28 U.S.C. § 2255(f)(1), unless he shows he is entitled to equitable tolling.

To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

In support of equitable tolling, Petitioner argues that he was unable to timely file his § 2255 motion due to lost discovery materials and court documents, as well as "constant lockdowns" at his correctional facility. Petitioner has plainly not shown that he was prevented from timely filing

this motion. Nor does it appear that a gross injustice would result from enforcing the limitations period against Petitioner. Because Petitioner addressed the timeliness issue in his original petition, the Court need not provide Petitioner any additional opportunities to address this issue. See Whitener v. United States, No. 3:14-cv-600-MOC, 2014 WL 7339188 (Dec. 23, 2014); Cureton v. United States, 2007 WL 1651437, n.1 (W.D.N.C. June 2, 2007). As such, Petitioner's motion is untimely under § 2255(f) and equitable tolling does not apply. The Court will, therefore, dismiss Petitioner's motion to vacate on initial review.

**IV.  CONCLUSION**

For the reasons stated herein, Petitioner's Section 2255 motion is untimely and is denied and dismissed with prejudice.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 192] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

Signed: March 28, 2024

Frank D. Whitney
United States District Judge